Mathew K. Higbee, Esq.
IL Bar No. 6319929
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Ste 200
North Las Vegas, NV 89032
(813) 710-3013
(714) 597-6729 facsimile
mhigbee@higbee.law

Attorney for Plaintiff,
TAMARA WAREKA p/k/a TAMARA WILLIAMS

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

TAMARA WAREKA p/k/a TAMARA WILLIAMS,

                Plaintiff,

v.

PURE MEDICAL BOUTIQUE LLC,

                Defendants.

Case No. **1:26-cv-05933**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Tamara Wareka p/k/a Tamara Williams, by and through her undersigned counsel, brings this Complaint against Defendant Pure Medical Boutique LLC and alleges as follows:

**NATURE OF THE ACTION**

This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

**PARTIES**

1.    Plaintiff, Tamara Wareka p/k/a Tamara Williams ("Tamara Williams" or "Williams"), is an individual and professional photographer by trade.

1
COMPLAINT

2. Defendant, Pure Medical Boutique LLC ("Pure" or "Defendant") is a limited liability company duly organized and existing under the laws of the State of Illinois and doing business in the State of Illinois.

## JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction over Plaintiff's claim for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

4. This court has personal jurisdiction over Defendant because Defendant has a physical presence in the State of Illinois and the Defendant transacts business in the state of Illinois.

5. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which the Defendant resides; a substantial part of the acts and omissions giving rise to the claims occurred, or a substantial part of property that is the subject of this action is situated in this judicial district, and/or this civil action arises under the Copyright Act of the United States and Defendant and it's agents can be found in this judicial district.

## FACTUAL ALLEGATIONS

### *Plaintiff Tamara Williams*

6. Tamara Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Williams is most well-known for her natural and clean portraiture featured on her highly popular Instagram account @tamarawilliams, which has amassed almost 600,000 followers.

7. Williams' work has been featured in top publications such as *Vogue*, *Harper's Bazaar*, *Marie Clare*, *Elle*, *L'Officiel*, *Glamour*, *Cosmopolitan*, *Maxim*, and many more. Additionally, her work has been used commercially by brands such as NARS, KKW, Fenty, and Benefit.

8. Tamara Williams' livelihood depends on receiving compensation for the photographs she produces, and the copyright protection afforded to Tamara

Williams' work deters would-be infringers from copying and profiting from her work without permission.

9. Williams is the sole author and exclusive rights holder to a close-up beauty photograph of a brown-eyed model with her hand on the side of her face (the "Beauty Photograph").

10. Attached hereto as Exhibit A is a true and correct copy of the Beauty Photograph.

11. Williams registered the Beauty Photograph with the United States Copyright Office under Registration Number VA 2-259-542 with an Effective Date of Registration of July 13, 2021.

12. Attached hereto as Exhibit B is a true and correct copy of Copyright Registration Certificate VA 2-259-542 for the Beauty Photograph.

### *Defendant Pure Medical Boutique LLC and Willful Infringement of the Beauty Photograph*

13. On information and belief, Pure is a medical spa offering Botox, fillers, laser hair removal, and skin rejuvenation services at four locations in and around Chicago, Illinois. *See generally* https://www.puremedicalspa.us/.

14. Pure manages, operates, and controls the Instagram Account @puremedicalboutique https://www.instagram.com/puremedicalboutique/ ("Defendant's Instagram Account").

15. On information and belief, Defendant's Instagram Account generates content in order to promote Defendant's products and services, attract social media followers and user traffic, and generate profit and revenue for the company and its owner(s).

16. On or about August 23, 2024, Williams discovered her Beauty Photograph copied and published on Defendant's Instagram Account with the text "YOU PICK 2 SALE! LIP FILLER $499," and the caption "Ready to refresh your look? Dive into the You Pick Two Sale at Pure Med Spa Chicago! . . . . Book Now: link in bio @puremedicalboutique. . . ." ("Infringing Post").

17.     Attached hereto as Exhibit C are true and correct screenshots from Defendant's Instagram Account showing the Infringing Post.

18.     Williams has never at any point given Pure a license or other permission to display, copy, distribute, or otherwise use the Beauty Photograph in the Infringing Posts on Defendant's Instagram Account or on any other website or platform.

19.     Pure, including its employees, agents, contractors, or others over whom it has responsibility and control, copied and uploaded the Beauty Photograph to Defendant's Instagram Account without Williams's consent or authorization.

20.     Pure, including its employees, agents, contractors, or others over whom it has responsibility and control, copied and uploaded the Beauty Photograph to Defendant's Instagram Account without Williams's consent.

21.     Defendant's use of the Beauty Photograph was deliberate and willful because it knew or should have known that it did not purchase a license to use the Beauty Photograph on Defendant's Instagram Account or in any other way.

22.     Defendant knew or should have known their actions of using an unlicensed work on Defendant's Instagram Account constituted copyright infringement and/or acted in reckless disregard for Plaintiff Williams rights as the copyright holder.

**CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101 *et seq***

23.     Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

24.     Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Beauty Photograph.

25.     Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Beauty Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original

4
COMPLAINT

and unique Beauty Photograph of the Plaintiff without Plaintiff's consent or authority, by using it in the Infringing Post.

26.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages pursuant to 17 U.S.C. § 504(c).

27.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

28.     Puer, including its employees, agents, contractors, or others over whom it has responsibility and control, copied and uploaded the Beauty Photograph to Defendant's Instagram Account without Williams's consent or authorization.

29.     Pure, including its employees, agents, contractors, or others over whom it has responsibility and control, willfully uploaded the Beauty Photograph onto Defendant's Instagram Account because Pure knew it did not have permission to use the Beauty Photograph.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Beauty Photograph by copying, displaying, and distributing it without a license or consent;

- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant pursuant to 17 U.S.C. § 504(c), whichever is larger;

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

- For pre-judgment interest as permitted by law; and

5
COMPLAINT

- For any other relief the Court deems just and proper.

Dated: May 21, 2026

Respectfully submitted,

Mathew K. Higbee, Esq.
IL Bar No. 6319929
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Ste 200
North Las Vegas, NV 89032
(813) 710-3013
(714) 597-6729 facsimile
mhigbee@higbee.law

6
COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff Williams hereby demands a trial by jury in the above matter.

Dated:         May 21, 2026                    Respectfully submitted,

Mathew K. Higbee, Esq.
IL Bar No. 6319929
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Ste 200
North Las Vegas, NV 89032
(813) 710-3013
(714) 597-6729 facsimile
mhigbee@higbee.law

COMPLAINT